IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
MELVIN A. KRASNEY ET AL.              :      3:06 CV 1164 (JBA)
:
:
V.                                    :
:
NATIONWIDE MUTUAL INS. CO. ET AL      :      DATE: DECEMBER 11, 2007
---------------------------------------------------------X

## RULING ON DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER ON PLAINTIFFS' [RULE] 30(b)(6) DEPOSITION NOTICE

Familiarity with the factual and procedural history of this litigation is presumed. (See Dkts. ##28, 35, 41, 45). On July 25, 2007, United States District Judge Janet Bond Arterton referred this matter to this Magistrate Judge for purposes of supervising discovery. (Dkt. #20). On November 18, 2007, this Magistrate Judge issued a Third Supplemental Scheduling Order, pursuant to which discovery is scheduled to close on February 29, 2008. (Dkt. #44; see also Dkts. ##35, 41).

On October 19, 2007, defendant Nationwide Mutual Insurance Company ["defendant"] filed the pending Motion for Entry of a Protective Order on Plaintiff's [Rule] 30(b)(6) Deposition Notice (Dkt. #32),[1] as to which plaintiffs filed their brief in opposition on November 9, 2007 (Dkt. #42).[2]

---

[1] Attached was the affidavit of defense counsel, sworn to on October 19, 2007, with the following eight exhibits: copy of Notice of Deposition of Person Most Knowledgeable at Nationwide Insurance Company and Request for Production of Documents at Time of Deposition, dated June 27, 2007 (Exh. 1); copy of plaintiff's First Set of Request for Production of Documents and Things to defendant, also dated June 27, 2007 (Exh. 2); copy of plaintiff's First Set of Interrogatories to defendant, also dated June 27, 2007 (Exh. 3); excerpts from transcript of Status Conference before Judge Arterton, on July 24, 2007 (Exh. 4); and copies of correspondence between counsel, dated September 28 (with authorizations attached), October 10, October 17, and October 18, 2007 (Exhs. A-D).

[2] Attached was the affidavit of plaintiffs' counsel, sworn to on November 9, 2007, with the following nine exhibits attached: copy of Brief Statement of Facts with Aaserud Complaint Attached (Exh. A); copy of Rule 30(b)(6) Deposition Notice to Defendant, dated June 27, 2007 (Exh. B);

For the reasons stated below, defendant's Motion for Entry of a Protective Order on Plaintiff's [Rule] 30(b)(6) Deposition Notice (Dkt. #32) is <u>granted in part and denied in part</u>.

## I. DISCUSSION

On June 28, 2007, plaintiffs served their Rule 30(b)(6) Deposition Notice on defendant, with forty areas of inquiry and 126 Requests for Production of Documents, which requests parallel plaintiff's First Set of Requests for Production of Documents and Things, served the same day. (Dkt. #32, at 2 & Exhs. 1-2; Dkt. #42, Exh. B). In lieu of the Rule 30(b)(6) deposition, defense counsel offered to produce three witnesses with direct knowledge of many of the topics raised, namely Richard Shannon (plaintiff's supervisor), Dennis Aultman (Regional Human Resources Manager), and Roger Trostle (Senior Consultant Human Resources). (Dkt. #32, at 2-3).[3] Despite Judge Arterton urging counsel to reach an agreement on this issue, no accommodations were reached. (Dkt. #32, at 3-4 & Exh. 4).

Defendant argues that a Protective Order is necessary because the Rule 30(b)(6) Deposition Notice's areas of inquiry are inappropriate and plaintiffs can obtain the information sought by other less costly means (Dkt. #32, at 5-7), the Notice's areas of inquiry are so overbroad and lacking in particularity that they create an undue burden and expense on defendant in preparing more than twenty witnesses to cover each of the forty designated

---

copy of Index of Topics Covered in Plaintiff's First Set of Special Interrogatories (Exh. C); copy of Defendant's Objections to Plaintiff's First Set of Special Interrogatories, dated August 27, 2007 and of Defendant's Responses to Plaintiff's First Set of Special Interrogatories, dated August 31, 2007 (Exh. D); copy of Index of Topics Covered in Plaintiff's First Set of Request for Production of Documents and Things (Exh. E); copy of Defendant's Objections and Responses to Plaintiff's First Set of Request for Production of Documents and Things, dated August 27, 2007 (Exh. F); copy of Exemplar 1 of Defendant's Confidential and Redacted Discovery Responses (Bates No. NW002882)(Exh. G); copy of Exemplar 2 of Defendant's Confidential and Redacted Discovery Responses (Bates No. NW000030)(Exh. H); and copy of Exemplar 3 of Defendant's Confidential and Redacted Discovery Responses (Bates No. NW000388)(Exh. I).

[3]At the status conference on July 24, 2007, Judge Arterton agreed that some of the topics did not appear to be proper topics for a Rule 30(b)(6) deposition. (Dkt. #32, at 3 & Exh. 4).

topics (at 7-9), and plaintiffs' Notice clearly seeks information protected by disclosure from the attorney work-product doctrine (at 9-10).

In opposition, plaintiffs argue that a Rule 30(b)(6) deposition is "totally distinct" from a percipient witness deposition in that the latter is not binding on the corporation and that defendant, as an "entity," is obliged to produce "the 'most qualified' person to testify on its behalf" (at 2-7), that defendant be sanctioned for its failure to produce Rule 30(b)(6) deponents (at 7-8), and that plaintiffs have set forth with "reasonable particularity" the topics for examination and there is no limit on the questions that may be asked (at 8-9).[4]

Rule 30(b)(6) provides in pertinent part:

> A party may in the party's notice . . . name as the deponent a . . . private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to the matters known or reasonably available to the organization. . . .

As Magistrate Judge Eliason aptly summarized in United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996):

> The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is speaking for the corporation, and this testimony must be distinguished from that of a mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena. Obviously it is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the information sought must be obtained from natural persons who can speak for

---

[4]Plaintiffs contend that Judge Arterton did not address this issue at the July 24, 2007 status conference and further complain about the production of documents from defendant. (Dkt. #42, at 9-11).

In their opening sentence, plaintiffs characterize that defendant's motion "reads like a communist doctrine banning established law." (Id. at 1). From henceforth, plaintiffs' counsel shall refrain from wild hyperbole.

3

> the corporation. The corporation appears vicariously through its designee. If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.
>
> The Rule 30(b)(6) designee does not give his [or her] personal opinions. Rather, he [or she] presents the corporation's position on the topic. Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation must provide its interpretation of documents and events. The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. Truth would suffer.

(internal quotations & multiple citations omitted). See also Fed. Deposit Ins. Corp. v. Wachovia Ins. Serv., Inc., No. 3:05 CV 929 (CFD), 2007 WL 2460685, at *2 (D. Conn. Aug. 27, 2007)["Wachovia"]; Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 43 (D. Conn. 2004); Sony Elec., Inc. v. Soundview Tech., Inc., 217 F.R.D. 104, 112 (D. Conn. 2002); Smithkline Beecham Corp. v. Apotex Corp., No. 98 C 3952, 2000 WL 116082, at *8-9 (N.D. Ill. Jan. 24, 2000); Bank of New York v. Meridien Biao Bank Tanzania Ltd., 171 F.R.D. 135, 150, 151 (S.D.N.Y. 1997); Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75-76 (D. Neb. 1995); Sec. & Exchange Comm'n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989); Lapenna v. Upjohn Co., 110 F.R.D. 15, 20 (E.D. Pa. 1986); Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth., 93 F.R.D. 62, 64-66 (D.P.R. 1981).

As previously indicated, defendant has identified three employees with direct knowledge of many of the topics raised, namely Richard Shannon (plaintiff's supervisor), Dennis Aultman (Regional Human Resources Manager), and Roger Trostle (Senior Consultant

Human Resources). (Dkt. #32, at 2-3). As further indicated, given that plaintiffs have listed <u>forty</u> topics, defendant estimates it would need to produce more than twenty witnesses. (<u>Id.</u> at 7). Contrary to plaintiffs' assertions, these forty topics are hardly "describe[d] with reasonable particularity," as required by Rule 30(b)(6). Under similar circumstances, federal judges have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) Notices. For example, in <u>In re Indep. Serv. Org. Antitrust Litig.</u>, 168 F.R.D. 651, 654 (D. Kan. 1996), one of the plaintiffs served a Rule 30(b)(6) deposition notice on defendant Xerox Corporation, requesting that Xerox produce a corporate witness "to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims," to which Xerox objected. The Court agreed that while this plaintiff had "a right to discover the facts upon which Xerox will rely for its defense and counterclaims," its attempt to do so through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information." <u>Id.</u> The same conclusion was reached in <u>Smithkline Beecham</u>, regarding a Rule 30(b)(6) Notice requesting designation of a witness to testify regarding plaintiff's responses to defendants' interrogatories and requests for production, similarly finding that the deposition notice "[i]n its present form" is "overbroad, unduly burdensome, and an inefficient means through which to obtain otherwise discoverable information." 2000 WL 116082, at *9-10. <u>See also Lapenna</u>, 110 F.R.D. at 21 (no answers were required where the breadth of the questions asked was "troubling[,]" there had been "no attempt to tailor them to the facts . . . involved in this case[,]" and were "so broad that they would have called for an answer that could amount to a treatise." (internal quotations & citation omitted).

This past spring, Magistrate Judge Smith held that Rule 30(b)(6) notices requesting

5

a corporate representative who is "most knowledgeable as to the subject Complaint" does not describe the issues to be addressed with "reasonable particularity" and ordered plaintiff to serve re-notices. Sheehy v. Ridge Tool Co., No. 3:05 CV 1614 (CFD)(TPS), 2007 WL 1548976, at *3-4 (D. Conn. May 24, 2007). More significantly, this past summer, Magistrate Judge Smith considered this issue again in Wachovia, holding:

> In the present case, it is difficult to imagine how Wachovia's Rule 30(b)(6) notice could be more broadly drawn. Taken literally, it extends beyond the plaintiff to FDIC Corporate, and virtually the entire federal government. It then seeks to burden the plaintiff with educating representatives with respect to twenty-seven areas of inquiry (many of which are open ended) and with producing thirteen different categories of documents, many of which are of marginal, tangential, or dubious relevance. On balance, plaintiff is correct that to enforce this deposition notice would be abusive.

2007 WL 2460685, at *3 (internal quotations omitted). Magistrate Judge Smith continued that a protective order was particularly appropriate in that "numerous witnesses who have first-hand information" already had been deposed and plaintiff had produced thousands of documents. Id. at *4. He therefore ordered Wachovia to "reformulate its proposed deposition topics," obviating the "need for the undersigned to further protract this opinion by addressing on an item-by-item basis each of the topics called into question by the pending motion." Id. at *5.

Under usual circumstances, this Magistrate Judge would take the same route, that is, simply grant the pending motion and order plaintiffs to serve a revised, more simplified notice. However, given the unfortunate difficulty with which discovery is being conducted in this case, such an order would only postpone the inevitable, namely having at some juncture to parse through the topics on an item-by-item basis. As Judge Arterton observed during the July 24, 2007 status conference, some of the items are not "ordinarily a [Rule] 30(b)(6) topic." (Dkt. #32, Exh. 4). However, in an effort to expedite the completion of

discovery in this case, this Magistrate Judge will give plaintiffs more latitude than would normally be afforded in these circumstances. Of the forty (unnumbered) topics listed in plaintiffs' notice (Dkt. #32, Exh. 1, at 2-5), defendant is to designate representatives to testify as to all items except the following amorphous and unascertainable items:

the 17th item – "All communication between Gaynor and anyone at Nationwide regarding Krasney" (p.3);[5]

the 20th item – "All communication between Shannon and anyone at Nationwide at [sic] regarding Krasney" (p.3);

the 23rd item – "All compliments and accolades from any agency, agent, peer, or anyone else regarding Melvin A. Krasney" (p. 3);

the 26th item – "The continuing hostile work environment Melvin A. Krasney was subjected to" (p. 4); and

the 39th item – "All defenses of Nationwide" (p. 5).

In addition, the 28th item is limited to Dr. Krasney's <u>work</u> relationships with the listed individuals, and eliminating "communication" (p. 4), and the 29th through 32rd items are limited to all formalized complaints, and eliminating any casual, off-hand complaints (p. 4).

If defendant still needs to designate an unreasonable number of persons in response to the reduced number of items, it may move for further reconsideration of this ruling.

Given the conclusion reached here, there is no need to address the issue of sanctions against defendant.

## II. CONCLUSION

For the reasons stated above, defendant's Motion for Entry of a Protective Order on Plaintiffs' [Rule] 30(b)(6) Deposition Notice (Dkt. #32) is <u>granted in part and denied in part</u>

---

[5]For example, a single comment during an elevator ride about plaintiff Dr. Krasney, whether favorable or unfavorable, conceivably would fall under this category. This is absolutely no way for defendant to respond to this inherently overbroad request. The same concern arises with respect to the many of the items identified here.

to the extent set forth above.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 11th day of December, 2007.

                                                _/s/_____
                                                Joan Glazer Margolis
                                                United States Magistrate Judge